FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 12 2019

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JACK GORDON GREENE                                                    PLAINTIFF

v.                         CASE NO. 5:19-CV-293 JM

WENDY KELLEY, Secretary, Arkansas
Department of Corrections                                             DEFENDANT

## ANSWER TO SECOND AMENDED COMPLAINT

Comes the Defendant, Wendy Kelley, in her official capacity as Secretary of the Arkansas Department of Corrections, by and through her attorneys, states as follows:

1. Defendant admits that Plaintiff is a prisoner on death row in Arkansas. Defendant denies the remaining allegations in Paragraph 1 of the Second Amended Complaint.

2. Defendant admits that Plaintiff previously challenged a prior version of Ark. Code Ann. § 16-90-506(d)(1) as unconstitutional, that the Circuit Court of Jefferson County, Arkansas dismissed the complaint, that the Arkansas Supreme Court held the statute unconstitutional and reversed and remanded the case, and that the Arkansas General Assembly then amended Ark. Code Ann. § 16-90-506(d)(1). Defendant denies the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3. As to the allegations regarding jurisdiction in Paragraph 3 of the Second Amended Complaint, Defendant, by separate pleading, has removed this case to the United States District Court, Eastern District of Arkansas. Defendant states that any remaining allegations in Paragraph 3 require no response, and to the extent they do, denies them.

4. As to the allegations regarding venue in Paragraph 4 of the Second Amended Complaint, Defendant, by separate pleading, has removed this case to the United States District

Court, Eastern District of Arkansas. Defendant states that any remaining allegations in Paragraph 4 require no response, and to the extent they do, denies them.

5. Defendant admits the allegations in Paragraph 5 of the Second Amended Complaint.

6. Defendant admits the allegations in the first two sentences of Paragraph 6. Defendant admits that she was formerly the Director of the Arkansas Department of Correction. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7 of the Second Amended Complaint

8. Defendant admits the allegations in Paragraph 8 of the Second Amended Complaint.

9. In response to Paragraph 9 of the Second Amended Complaint, Defendant states that any letter sent by Plaintiff to Defendant speaks for itself. Defendant further states that the prior version of Ark. Code Ann. 16-60-506(d)(1) speaks for itself. Defendant denies any remaining allegations in Paragraph 9.

10. In response to Paragraph 10 of the Second Amended Complaint, Defendant states that any communications sent by Defendant to Plaintiff, or by Plaintiff to Defendant, speak for themselves. Defendant denies any remaining allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11 of the Second Amended Complaint. Pleading affirmatively, Defendant advised Plaintiff's counsel by letter dated October 5, 2017 of her findings regarding Plaintiff's competence.

12. Defendant admits that Plaintiff filed an Amended Complaint alleging additional facts on October 20, 2017. Defendant denies any remaining allegations in Paragraph 12 of the Second Amended Complaint.

13. In response to Paragraph 13 of the Second Amended Complaint, Defendant states that the circuit court's speak for themselves. Defendant denies any remaining allegations in Paragraph 13.

14. In response to Paragraph 14 of the Second Amended Complaint, Defendant admits that the Arkansas Supreme Court stayed Plaintiff's execution on November 7, 2017. Defendant denies any remaining allegations in Paragraph 14.

15. In response to Paragraph 15 of the Second Amended Complaint, Defendant states that the Arkansas Supreme Court's opinions speak for themselves. Defendant denies any remaining allegations in Paragraph 15.

16. In response to Paragraph 16 of the Second Amended Complaint, Defendant states that Ark. Code Ann. 16-60-506(d)(1) speaks for itself. Defendant denies any remaining allegations in Paragraph 16.

17. The previous paragraphs of this Answer are incorporated by reference as if fully stated herein.

18. The allegations in Paragraph 18 of the Second Amended Petition are a conclusion of law to which a response is not required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 18 of the Second Amended Complaint.

19. The allegations in Paragraph 19 of the Second Amended Petition are a conclusion of law to which a response is not required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 19 of the Second Amended Complaint.

20. The allegations in Paragraph 20 of the Second Amended Petition are a conclusion of law to which a response is not required. Defendant admits that her title has changed from Director of the Arkansas Department of Correction to Secretary of the Arkansas Department of Corrections and that Dexter Payne now has the title Director of the Division of Correction. Defendant denies any remaining allegations of Paragraph 20 of the Second Amended Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Second Amended Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Second Amended Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Second Amended Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Second Amended Complaint.

27. The previous paragraphs of this Answer are incorporated by reference as if fully stated herein.

28. In response to Paragraph 28 of the Second Amended Complaint, Defendant states that statute Ark. Code Ann. 16-90-506(d)(1) speaks for itself. Defendant denies any remaining allegation in Paragraph 28 of the Second Amended Complaint.

29. The allegations in Paragraph 29 of the Second Amended Petition are a conclusion of law to which a response is not required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 29 of the Second Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Second Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Second Amended Complaint.

33. Any allegation not specifically admitted by Defendant in this Answer is denied.

### Affirmative Defenses

34. Defendant affirmatively states that the Second Amended Complaint fails to state a claim upon which relief can be granted and, therefore, that it should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

35. Defendant affirmatively states that Plaintiff's claim should be dismissed because he lacks standing.

36. Defendant affirmatively states that Plaintiff's claims and requests for relief are barred by the Eleventh Amendment.

WHEREFORE, Defendant prays that the Second Amended Complaint be dismissed.

Respectfully submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Dylan L. Jacobs (2016167)
Assistant Solicitor General

OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:   (501) 682-2007
Fax:  (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov

*Counsel for Defendant*

6

## CERTIFICATE OF SERVICE

     I certify that on September 12, 2019, I electronically filed the foregoing with the Clerk of the Court, and served the following via electronic mail:

John C. Williams, Attorney at Law
Federal Public Defender's Office
1401 West Capitol Avenue
Suite 490
Little Rock, AR 72201

Scott W. Braden, Attorney at Law
Federal Public Defender's Office
1401 West Capitol Avenue
Suite 490
Little Rock, AR 72201

                                            /s/ Dylan L. Jacobs
                                            Dylan L. Jacobs