IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JACK GORDON GREENE                                           PLAINTIFF

v.                          No. 5:19-cv-293

WENDY KELLEY, Secretary,
Arkansas Department of Corrections                           DEFENDANT

ORDER

This is an action by Jack Gordon Greene, an Arkansas death row prisoner, challenging the constitutionality of an Arkansas statute relating to the determination of an individual's competency to be executed. The issue before the Court is whether Defendant Wendy Kelley's notice of removal, filed almost two years after she received a copy of the initial pleading filed by Greene, was timely filed under the "revival exception" to 28 U.S.C. §1446 that has been recognized by some courts.

Procedural History

Plaintiff Jack Gordon Greene was initially sentenced to death on October 15, 1992 for the murder of Sidney Burnett on July 23, 1991.[1] After lengthy and unsuccessful post-conviction and habeas corpus proceedings, Greene's execution date was set for November 9, 2017. Greene wrote to Defendant Wendy Kelley, Secretary of the Arkansas Department of Corrections, on September 20, 2017, seeking to have an inquiry into his mental condition pursuant to Ark. Code Ann. § 16-90-506(d)(1) (entitled "Stay of execution, etc."). Before receiving Kelley's response, Greene filed a complaint in the Circuit Court of Jefferson County, Arkansas on September 27, 2017 challenging the constitutionality of the statute on both federal and state due process

---

[1] Following two resentencing trials, Greene was again sentenced to death on July 1, 1999.

grounds. He later filed an amended complaint attaching additional exhibits.

On November 3, 2017, the Jefferson County Circuit Court granted Kelley's motion to dismiss, finding the challenged statute constitutional. Greene's execution was stayed pending his appeal to the Arkansas Supreme Court. On November 1, 2018, the Arkansas Supreme Court reversed the decision of the Jefferson County Circuit Court as to the due-process claim, holding that the challenged statute was unconstitutional on its face as violative of both federal and state due process rights and remanded the case to the Jefferson County Circuit Court "for further proceedings consistent with [its] opinion." *Greene v. Kelley*, 2018 Ark. 316, 8 (2018), *reh'g denied* (Dec. 20, 2018). However, no action was taken by the Jefferson County Circuit Court following the remand.

During its 2019 session, the Arkansas General Assembly amended Ark. Code Ann. § 16-90-506(d) in an effort to address the constitutional infirmities found by the Arkansas Supreme Court; the amendment was given an effective date of July 24, 2019.[2] On August 23, 2019, Greene filed a second amended complaint in the Circuit Court of Jefferson County alleging that the statute as amended is still unconstitutional. On September 12, 2019, Kelley filed a notice of removal, stating that the notice of removal was timely filed since it was filed within 30 days after the receipt of the second amended complaint "which is the initial pleading setting forth the federal claim for relief against the current version of Arkansas law upon which this action is based." (Doc. No. 1, ¶ 6). Greene filed a motion to remand on the basis that the removal was untimely.

---

[2] The amended statute, with the added language shown in italics, is attached as an addendum to this opinion.

Analysis

Pursuant to 28 U.S.C. §1446, the notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. §1446(b)(1). There is no question that the action raised a federal question and was removable at the time it was initially filed in 2017, and Kelly choose not to remove it at that time. After successfully defending the constitutionality of Ark. Code Ann. § 16-90-506(d) before the Jefferson County Circuit Court, but losing on appeal before the Arkansas Supreme Court, Kelley now seeks to defend the constitutionality of the amended statute in federal court.

In defense of the timeliness of her notice of removal, Kelley relies on a judicially-created exception to §1446, the "revival exception," recognized by some courts. The Fifth Circuit has explained that the revival exception comes in to play in situations "when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit" so that "a lapsed right to remove an initially removable case . . . is restored." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). This exception has also been recognized by the Seventh Circuit. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). While the Eighth Circuit has not yet addressed the judicially-created exception, districts courts in this circuit have considered its application. *See RJO Investments, Inc. v. Crown Fin., LLC*, No. 5:18-CV-05015-TLB, 2018 WL 2050165, at *3 (W.D. Ark. May 2, 2018) (holding that the revival exception did not apply because (1) the case was not initially removable and (2) the amended complaint did not substantially alter the nature of the case); *Potty Pals, Inc. v. Carson Fin. Grp., Inc.*, 887 F. Supp. 208, 210 (E.D. Ark. 1995) (finding that the exception did not apply since the basic nature of the suit was not changed by adding a request

for the injunction); and *Pearson v. Gerber Prod. Co.*, 788 F. Supp. 410, 413 (W.D. Ark. 1992) ("The addition of a second claim preempted by ERISA to another claim preempted by ERISA does not, in the court's view, change the character of the litigation so as to make it substantially a new suit.") (internal quotation omitted.)

  The Court is not convinced that the Eighth Circuit would recognize this judicial exception to the removal statute. As discussed in *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007), Congress created only one exception to the 30-day window in which a defendant can remove an action to federal court—that being when the case stated by the initial pleading is not removable but the defendant later receives an amended pleading or other paper "from which it may be first ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. §1446(b). As stated by the Eleventh Circuit, "[a] defendant's right to remove an action against it from state to federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress." *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (internal quotes omitted). It is not disputed that this case was removable when it was initially filed in 2017. Under the plain language of the statute, Kelley's notice of removal is untimely, and Greene's motion to remand is well-taken.

  Even under the revival exception as it has been applied, remand would be appropriate. Comparing Greene's 2017 complaint to the second amended complaint filed in 2019, the Court finds that the latter is not so altered from the original so as to constitute "an essentially new lawsuit." In his 2017 complaint, Greene sought a hearing to determine whether he was incompetent to be executed and a declaratory judgment that he was incompetent to be executed. In the event that a hearing was not determined to be available, he sought a declaratory judgment

that Ark. Code Ann. § 16-90-506(d) was unconstitutional on its face or as applied to Greene because it violated the due process guaranteed by the United States and Arkansas Constitutions. He also challenged the statute as violating the separation of powers doctrine of the Arkansas Constitution. In addition, Greene claimed that his execution after twenty-five years of confinement in nearly total isolation and without adequate mental health treatment violated the prohibitions against cruel and unusual punishment of the United States and Arkansas Constitutions.

His 2019 complaint filed after the Arkansas General Assembly amended the statute alleges that the amended statute provides no greater due process protection than the version originally challenged. He still seeks a declaratory judgment that the current version of Ark. Code Ann. § 16-90-506(d) is unconstitutional on its face because it violates the due process guaranteed by the United States and Arkansas Constitutions. He also still seeks a declaratory judgment that the challenged statute violates the separation of powers doctrine of the Arkansas Constitution. In addition, he now seeks a permanent injunction to enjoin the State of Arkansas from using Ark. Code Ann. § 16-90-506(d) as a mechanism for determining prisoners' competency to be executed. He has dropped the claim of cruel and unusual punishment.

Kelley's argument that this is a substantially new lawsuit challenging a "new law" is unpersuasive. The legislature added language, approximately 800 words, to the existing statute in an effort to address due-process deficiencies in the earlier version of the statute as found by the Arkansas Supreme Court. He is not seeking entirely new relief, there are no new facts, and there are no new constitutional challenges.

Finally, the Court is mindful of the "danger of encroaching unduly on the authority of the state court[]" in this matter in which the state has already grappled with its statute and these same

constitutional challenges. *Wilson,* 668 F.2d at 966. Following oral arguments, the Jefferson County Circuit Court granted Kelley's motion to dismiss the complaint. Relying on Arkansas Supreme Court precedent, the Jefferson County court found that Ark. Code Ann. § 16-90-506(d) does not violate due process rights or the separation of powers doctrine. The Jefferson County court also found that Greene's conditions of confinement did not constitute cruel and unusual punishment.

On appeal, the Arkansas Supreme Court reversed the Jefferson County Circuit Court's dismissal in part. Specifically, the Supreme Court held that Ark. Code Ann. § 16-90-506(d)(1) violated the due-process guarantees of the United States and Arkansas Constitutions and was unconstitutional. The court declined to address his as-applied argument and his separation-of-powers argument, and it affirmed the Jefferson County Circuit Court's dismissal on his cruel and unusual punishment claim.

In finding that the challenged statute violated due process guarantees, the Arkansas Supreme Court cited to another of its opinions delivered the same day, *Ward v. Hutchinson*, 558 S.W.3d 856 (Ark. 2018), *reh'g denied* (Dec. 20, 2018). In *Ward*, the court acknowledged that it was "revisiting" the constitutionality of Ark. Code Ann. § 16-90-506(d)(1) in the face of its own "well-established precedent,"[3] a precedent that was established before the United States Supreme Court's 2007 decision in *Panetti v. Quarterman*, 551 U.S. 930, and *Panetti's* application of the holding in *Ford v. Wainwright*, 477 U.S. 399 (1986). On reviewing the challenged statute within this precedential framework, the *Ward* court made the following analysis of Ark. Code Ann. § 16-90-506(d)(1):

> This statutory provision authorizes the Director to initiate a determination of competency "[w]hen the Director ... is satisfied that there are reasonable grounds

---

[3] *Singleton v. Endell*, 316 Ark. 133, 870 S.W.2d 742 (1994).

> for believing that [the death-row inmate] is not competent," and at that time, "the Director ... shall notify the Deputy Director of the Division of Aging ... of ... [DHS]." Simply put, section 16-90-506(d)(1)(A) is devoid of any procedure by which a death-row inmate has an opportunity to make an initial 'substantial threshold showing of insanity ... to trigger the hearing process' pursuant to *Ford*, 477 U.S. at 426, 106 S.Ct. 2595. Nor does the language of section 16-90-506(d)(1)(A) provide for an evidentiary hearing that comports with the fundamental principles of due process, as articulated in *Ford* and *Panetti*.

*Ward,* 558 S.W.3d at 865 (2018) (quoting Ark. Code Ann. § 16-90-506(d)(1) (footnote omitted)).

These decisions, *Ward* and *Greene*, spurred the Arkansas General Assembly to amend the statute during its 2019 legislative session. Judge Posner stated in *Wilson*, "district courts, in interpreting and applying section 1446(b), should bear in mind, and where possible avoid, the frictions in a harmonious federal system that result when litigation involving state-law as well as federal-law issues is abruptly shifted into federal court and the state proceedings . . . are set at naught." 668 F.2d at 967. In light of the history of this case in both the Arkansas state courts and its legislature, the Court finds that the existing state law proceeding is the appropriate forum to continue addressing the constitutional challenges made by Greene.

For all of these reasons, the Court finds that the notice of removal is untimely, and the motion to remand (Doc. No. 22) is granted.

IT IS SO ORDERED this 30th day of October, 2019.

                                                                                                     _____
                                                                                                     James M. Moody Jr.
                                                                                                     United States District Judge

ADDENDUM

Ark. Code Ann § 16-90-506 as amended in 2019 (amendment shown in italics).

(d)(1)(A)(i)(a) *When an individual under sentence of death, whose execution date has been set by the Governor, believes that he or she is not competent to be executed, the individual or his or her attorney may inform the Director of the Department of Correction in writing and shall provide any supporting evidence he or she wishes to be considered.*

(b) *The Director of the Department of Correction shall consider any evidence offered by the individual or his or her attorney in making a determination of competency under subdivision (d)(1)(A)(ii) of this section.*

(ii) When the Director of the Department of Correction is satisfied that there are reasonable grounds for believing that an individual under sentence of death is not competent, due to mental illness, to *rationally* understand the nature and reasons for that punishment, the Director of the Department of Correction shall notify the Deputy Director of the Division of Aging, Adult, and Behavioral Health Services of the Department of Human Services.

(iii) The Director of the Department of Correction shall also notify the Governor of this action.

(iv) The Division of Aging, Adult, and Behavioral Health Services of the Department of Human Services shall cause an inquiry to be made into the mental condition of the individual within thirty (30) days of receipt of notification.

(v) The attorney of record of the individual shall also be notified of this action, and reasonable allowance will be made for an independent mental health evaluation to be made.

(vi) A copy of the report of the evaluation by the Division of Aging, Adult, and Behavioral Health Services of the Department of Human Services shall be furnished to the Mental Health Services Section of the Division of Health Treatment Services of the Department of Correction, along with any recommendations for treatment of the individual.

(vii) All responsibility for implementation of treatment remains with the Mental Health Services Section of the Division of Health Treatment Services of the Department of Correction.

(B)(i) *If, after an evidentiary hearing that comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, over which the Director of the Department of Correction shall preside*, the individual is found competent by the Director of the Department of Correction to *rationally* understand the nature of and reason for the punishment, the Governor shall be so notified and shall order the execution to be carried out according to law.

(ii) If the individual is found incompetent due to mental illness, the Governor shall order that appropriate mental health treatment be provided. The Director of the Department of Correction may order a reevaluation of the competency of the individual as circumstances may warrant.